UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff | |
| VERSUS | CIVIL ACTION NO. 16-CV-776 |
| TWO HUNDRED FIFTY-EIGHT<br>THOUSAND, SEVEN HUNDRED<br>AND NINETY DOLLARS IN<br>UNITED STATES CURRENCY,<br>　　　　Defendant | |

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

**1.**

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

## **NATURE OF THE ACTION**

**2.**

This is a civil action in rem brought to forfeit and condemn to the United States Two Hundred Fifty-Eight Thousand, Seven Hundred and Ninety Dollars in United States currency ($258,790.00) (the "Defendant Property"), representing monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, or are proceeds traceable to such an exchange, or are monies used or intended to be used to facilitate a drug offense, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

## JURISDICTION AND VENUE

**3.**

Plaintiff brings this action in rem in its own right to forfeit and condemn the Defendant Property.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a). Upon the filing of this complaint, the plaintiff requests that the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

**4.**

The Defendant Property consists of Two Hundred Fifty-Eight Thousand, Seven Hundred and Ninety Dollars ($258,790.00) in United States currency.

## FACTS

**5.**

On June 30, 2016, a Special Agent with the Drug Enforcement Administration notified Baton Rouge Task Force Officers that he had received information that an individual, Mark Hartsell, was driving a black Nissan Frontier, Texas License number GJM6680 and was transporting drug proceeds.

On July 1, 2016, TFO Rusty Jenkins received an alert and responded to I-12 Westbound. TFO Jenkins observed a 2015 Nissan Frontier, bearing Texas license plate GJM6680, registered to Hartsell following too closely to another vehicle on I-12 West near mile marker 7, Baton Rouge, LA and initiated the traffic stop.

**6.**

The driver and sole occupant was identified as Mark Hartsell who appeared very nervous. Hartsell advised TFO Jenkins that he was traveling home to Crosby, Texas from Jacksonville, Florida where he had been for a week and a half installing gunite swimming pools at three "Motel 8" locations.

**7.**

TFO Jenkins asked Hartsell if he had any weapons in the vehicle and he responded "No." When asked if he was transporting any large amounts of currency, he said, "Yea, my pool, my swimming pool people pay me cash." Hartsell said the amount was "2-20,000" which was located on the back seat.

**8.**

TFO Jenkins requested and was granted consent to search the vehicle. TFO Jenkins located a Walmart Absolute Sport Backpack with the price tag of $14.88 on it. Inside the backpack were numerous bundles of U.S. currency in various denominations. Each large bundle was secured by rubber bands, which contained smaller bundles separated with rubber bands. TFO Jenkins noticed the odor of marijuana emitting from the backpack.

**9.**

TFO Jenkins detained Hartsell and advised him of his rights per Miranda. TFO Luke Cowart, who was present at the scene, utilized his K-9 narcotic detector, Rukus, to conduct a free air sniff of the vehicle. The K-9 went straight to the backpack and alerted indicating that the backpack emitted the odor of narcotics.

**10.**

TFO Jenkins confronted Hartsell on the way the currency was packaged and the narcotic odor. Hartsell stated, "Man, I really do have a pool business." However, Hartsell was unable to provide any documentation supporting his claim that he had been building pools. The vehicle did not contain any receipts, business records or pool equipment. Hartsell was transported to the Baton Rouge District Office for an additional interview.

**11.**

TFO Chris Green and TFO Jesse Hale read DEA Form 13 to Hartsell advising him of his Miranda Rights. After signing the Miranda Rights form, Hartsell requested to have an attorney present. During the processing of the receipt for the U.S. currency seized as suspected drug proceeds, Hartsell provided his cell number and address in Crosby, TX. Hartsell was then released and the currency seized as evidence.

**12.**

Based on TFO Jenkins years of experience in working drug cases, the manner in which the currency was bundled, which was similar to that of drug smugglers, and the alert by the narcotics trained dog, TFO Jenkins detained the funds as narcotics proceeds.

**13.**

The currency was transported to the LOOMIS Counting Facility, where the currency was counted and electronically transferred to the U.S. Marshals Service in the amount of $258,790.00.

**14.**

It is believed that the $258,790.00 in United States currency, Defendant Property, are drug proceeds or are funds used or intended to be used to facilitate a drug offense and are forfeitable pursuant to 21 U.S.C. § 881(a)(6)

## LAW

**15.**

21 U.S.C. § 881(a)(6) provides that the following shall be subject to forfeiture to the United States:

> (6) All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## BASIS FOR FORFEITURE

**16.**

The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes monies furnished or intended to be furnished in exchange for a controlled substance; proceeds traceable to such an exchange; or money used or intended to be used to facilitate a drug offense, in violation of 21 U.S.C. § 841.

## CLAIM FOR RELIEF

**17.**

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the Defendant Property; that notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property; that the Defendant Property be forfeited and condemned to the United States of America; that the plaintiff be awarded

its costs and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by

J. WALTER GREEN
UNITED STATES ATTORNEY

/s/ James P. Thompson
James P. Thompson, LBN 21090
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: jay.thompson@usdoj.gov